IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY M. WAITE,

        Plaintiff,

    v.

MULTNOMAH COUNTY SHERIFF'S DEPT.;
MULTNOMAH COUNTY DETENTION
CENTER; COUNSELOR FELIX;
COUNSELOR KRASNER; CAPTAIN RADER;
and COUNSELOR LARISSA HANDY,

        Defendants.

Civil No. 09-1525-AC

ORDER TO DISMISS

HAGGERTY, Judge.

    Plaintiff, a pre-trial detainee at the Multnomah County Detention Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff alleges Defendants violated his right of access to the courts. As a self-represented pre-trial detainee, Defendants failed to provide him access to the courts via telephone, mailing of legal mail, and photo-copying of legal work. By way of relief, Plaintiff seeks an order requiring Defendants to enforce his rights, as well as money damages.

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

 (B) the action . . .

  (i) is frivolous or malicious;

  (ii) fails to state a claim on which relief may be granted; or

  (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69,

2 - ORDER TO DISMISS -

73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

3 - ORDER TO DISMISS -

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989).

The Supreme Court has recognized that convicted prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The applicability of these "access to the courts" line of cases to pre-trial detainees proceeding without counsel during their criminal trials, however, remains unsettled. *Taylor v. List*, 880 F.2d 1040, 1047 (9th Cir. 1989); *Milton v. Morris*, 767 F.2d 1443, 1446 n.2 (9th Cir. 1985). In the Ninth Circuit, *Faretta v. California*, 422 U.S. 806 (1975) controls this type of case. *Taylor*, 880 F.2d at 1047; *Milton*, 767 F.2d at 1446.

Under *Faretta*, the Sixth Amendment protects a criminal defendant's right to conduct his own defense. *Faretta*, 422 U.S. at 834-36. The constitutional right to self-representation necessarily includes the right to prepare a defense. *Taylor*, 880 F.2d at 1047; *Milton*, 767 F.2d at 1445-46. As such, allegations that jail personnel interfered with a pre-trial detainees attempt

4 - ORDER TO DISMISS -

to prepare his defense may give rise to a cognizable claim for relief under § 1983 for violation of the Sixth Amendment.

At this juncture, however, Plaintiff's Sixth Amendment claim is barred. To the extent Plaintiff seeks declaratory or injunctive relief, a federal court must not interfere with ongoing state criminal proceedings except under special circumstances, which are not present here. *See Younger v. Harris*, 401 U.S. 37 (1971).[1] Plaintiff may raise his request for injunctive relief in his ongoing state criminal proceedings, but bringing it in this court by way of a § 1983 action would have a substantially disruptive effect upon his ongoing state criminal proceedings. *See, e.g., Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986) (abstention appropriate in § 1983 action for denial of Sixth Amendment right to counsel; plaintiff can adequately litigate his claim in ongoing state criminal proceedings and potential for federal-state friction is obvious). Accordingly, this court must abstain and dismiss Plaintiff's request for declaratory and injunctive relief. *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) (*Younger* abstention requires dismissal of federal action).

---

[1]Federal courts may not interfere with pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54. No such showing is alleged here.

5 - ORDER TO DISMISS -

To the extent Plaintiff seeks money damages, this court must also dismiss Plaintiff's complaint. A money judgment in Plaintiff's favor would necessarily imply the invalidity of Plaintiff's ongoing state criminal proceedings, in violation of the principles set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] Accordingly, this court must dismiss Plaintiff's claim for money damages.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in

---

[2]In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87; *see also Harvey v. Waldron*, 210 F.3d 1008, 1014-15 (9th Cir. 2000) (*Heck* rule "applies to pending criminal charges").

the dismissal of this proceeding. In lieu of an amended complaint, plaintiff may move to voluntarily dismiss this action, without prejudice.[3]

IT IS SO ORDERED.

DATED this   24    day of February, 2010.

                                     /s/Ancer L. Haggerty
                                     Ancer L. Haggerty
                                     United States District Judge

---

[3] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

7 - ORDER TO DISMISS -